Scileppi, J. (dissenting).
Defendants Jones and Wilkins, asserting a failure to have been apprised of their right to appeal, have sued out separate writs of error coram nobis, maintaining that their respective rights to appeal should be reinstated pursuant to People v. Montgomery (24 N Y 2d 130). Upon a finding that neither had been so informed, and afforded the requested relief, each, previously sentenced 'as a second felony offender, now seeks to attack the constitutionality of his predicate felony conviction on resentencing. That relief should be denied in both instances.
Defendant Jones’ conviction followed a plea of guilty. Nowhere in his pleadings does he allege, nor by supporting affidavit does he show that at the time of conviction there existed a genuine appealable issue which he might have raised had he been advised of his right of appeal.* To the extent that the granting of Montgomery relief herein is inconsistent with our decisions in People v. Lynn and People v. Saunders (28 N Y 2d 196, decided herewith), the petition for coram nobis relief should have been dismissed without prejudice to a renewal upon a “ proper showing ”. However, as that issue is not now before us, I have limited my comments to the issue common to both appeals.
A resentencing conducted pursuant to People v. Montgomery (24 N Y 2d 130, supra) is properly limited to vacating the prior sentence and then reimposing the same sentence nunc pro tunc for the sole purpose of reviving the period within which the *222 defendant could file a notice of appeal. The procedure in no way contemplates a full review of prior irregularities, especially when those irregularities relate to an entirely unrelated offense, albeit a predicate offense. What was conceived to afford a defendant merely ‘“an opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal would date from the rendition of the new judgment ’ ” (People v. Callaway, 24 N Y 2d 127, 129), threatens to blossom into a full sentencing proceeding though the defendant could as easily attack the predicate conviction on a motion for resentencing or by way of coram nobis.
Accordingly, I dissent and vote to reverse in both cases.
In People v. Wilkins: On People’s appeal, order affirmed. On defendant’s appeal, appeal dismissed.
Judges Bbrgan, Breitel and Gibson concur with Chief Judge Fuld; Judge Scileppi dissents in part and votes to reverse on the appeal by the People in a separate opinion in which Judge Jasen concurs; Judge Burke taking no part.
In People v. Jones: Order affirmed.
Judges Bergan, Breitel and Gibson concur with Chief Judge Fuld; Judge Scileppi dissents and votes to reverse in a separate opinion in which Judge Jasen concurs; Judge Burke taking no part.

 Indeed, clamoring for the right to appeal, Jones asserted no irregularity in his original judgment of conviction; instead, he appealed on an issue generated at the Montgomery resentence proceeding: the constitutionality of the predicate felony conviction.